IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| GREENFIELD ENERGY SERVICES, INC., *et al.*, | ) | |
| | ) | Bank. No. 13-12783 (KG) |
| Debtors. | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| ALAN D. HALPERIN, AS TRUSTEE | ) | |
| OF THE GFES LIQUIDATION TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. 15-50262 (KG) |
| v. | ) | |
| | ) | Misc. No. 16-208 (LPS) |
| MICHAEL B. MORENO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM**

Movants Michael B. Moreno ("Moreno") and Turbine Generation Services, LLC ("TGS"), defendants in the above-captioned adversary proceeding ("Defendants"), move this Court (D.I. 1) ("Motion for Leave") for leave to file an interlocutory appeal with respect to the Bankruptcy Court's Opinion (Adv. D.I. 230)[1] and Order (Adv. D.I. 231), which denied Defendants' motion (Adv. D.I. 183) ("Third Party Motion") for leave to file a third-party complaint ("Proposed Complaint") against General Electric Company and GE Oil & Gas, Inc. (together, "GE") based on a lack of subject matter jurisdiction over the proposed claims. For the reasons stated below, the Court will deny the Motion for Leave.

### I. BACKGROUND

On October 27, 2013 ("Petition Date"), Greenfield Energy Services, Inc. ("GFES") and certain of its affiliates (together, "Debtors") filed voluntary petitions for relief under chapter 11

---

[1] The docket of the Chapter 11 cases, *In re Greenfield Energy Services, Inc., et al.*, Case No. 13-12783 (KG) (Bankr. D. Del.), is cited herein as "B.D.I. __." The docket of the adversary proceeding, *Halperin v. Moreno, et al.*, Adv. Pro. No. 15-50262 (KG) (Bankr. D. Del.), is cited herein as "Adv. D.I. __."

of the Bankruptcy Code. On April 23, 2014, the Bankruptcy Court confirmed the Debtors' plan of liquidation. (B.D.I. 885) The plan provided for the creation of the GFES Liquidation Trust ("Trust"), governed by the terms of a Liquidation Trust Agreement. (B.D.I. 803) The Trust was vested with all of the Debtors' assets, including claims against third parties. On April 6, 2015, Alan D. Halperin, as Trustee of the GFES Liquidation Trust ("Trustee"), filed a complaint against the Defendants, asserting, *inter alia*, claims for breach of fiduciary duty. (Adv. D.I. 1) The complaint alleges that Moreno breached his fiduciary duty to GFES by causing GEFS's board of directors to waive the so-called "PowerGen" business opportunity or by causing GFES to fraudulently transfer PowerGen to TGS for little or no consideration. (*See* D.I. 1 at 1)

On April 12, 2016, over a year after the complaint was filed, Defendants filed the Third Party Motion, seeking to assert certain claims against GE, including that GE aided and abetted any breach of fiduciary duty Moreno might have committed with regard to his position at GFES, by negotiating with Moreno to develop the PowerGen business, planning a joint venture regarding the same, and requiring Moreno to establish a new company owned primarily by entities he controlled (the "Aiding and Abetting Count"). (*See* Adv. D.I. 183, Ex. A. at ¶¶ 39-80) Defendants also sought contribution from GE under Delaware's Uniform Contribution Among Tortfeasors Law, 10 Del. C. § 6302 ("DUCATL"), for "any amount which Moreno or TGS may be required to pay" because GE allegedly aided and abetted Defendants in Defendants' breaches of their fiduciary duties (the "Contribution Count," and together with the Aiding and Abetting Court, the "Proposed Claims"). (Adv. D.I. 183, Ex. A. at ¶ 92) Defendants did not address subject matter jurisdiction in the Third Party Motion. (Adv. D.I. 183) The Trustee did not object to the Third Party Motion and the Bankruptcy Court found it was timely filed. (B.D.I. 230 at 3-4)

On reply, Defendants cited four cases and argued that the Bankruptcy Court had subject matter jurisdiction over the proposed third-party complaint because the Proposed Claims: (1) were important to the implementation of the Debtors' plan; (2) had been reserved in the Plan; and (3) would provide an alternate source of recovery. (*See* Adv. D.I. 198 at ¶¶ 26-27)

On July 11, 2016, following oral argument and GE's submission of supplemental briefing (Adv. D.I. 227), the Bankruptcy Court entered the Order and Opinion denying the Third Party Motion. In determining whether it had subject matter jurisdiction over the Proposed Claims, the Bankruptcy Court applied the post-confirmation test for "related to" subject matter jurisdiction set forth by the Third Circuit in *In re Resorts International, Inc.,* 372 F.3d 154 (3d Cir. 2004), and concluded that the Proposed Claims did not bear a "close nexus" to the plan or bankruptcy proceedings. (*See* B.D.I. 230 at 4-9) "The Bankruptcy Court . . . held that the Defendants' state law claims against entities who have not even filed proofs of claim against the estate, and which will not produce any additional funds for the estate[,] are unrelated to the Debtor's estate and the plan confirmed in the bankruptcy case." (D.I. 2 at 1) On July 25, 2016, Defendants filed the Motion for Leave to file an interlocutory appeal.

## II. CONTENTIONS

Defendants argue that the issue presented on appeal – whether the Bankruptcy Court has subject matter jurisdiction over third-party contribution claims against GE – is a controlling question of law on which there are substantial grounds for difference of opinion. Defendants argue that "[w]hile the Bankruptcy Court stated the proper standard, its application was too rigid given subsequent rulings by the Third Circuit." (D.I. 1 at 7) In their view, the proposed contribution claims against GE will provide an alternate source of recovery for the Trust, and the Third Circuit (plus at least one bankruptcy court in this District) has found subject matter jurisdiction over similar contribution and guaranty claims against non-debtor parties. (*See id.* at

3

8-10) Defendants further argue that immediate appeal will materially advance the ultimate termination of litigation by potentially avoiding a second identical trial between the Defendants and GE and by bringing all potential resources into one proceeding. (*Id.* at 13-15) Finally, Defendants argue that exceptional circumstances exist because the Trustee has chosen not to bring these claims directly against GE. (*Id.* at 15-16)

GE counters that Defendants failed to carry their burden of establishing that the Bankruptcy Court had subject matter jurisdiction over the Proposed Claims and, further, that the Motion for Leave raises arguments that were not raised below and, therefore, should not be considered on appeal. (*See* D.I. 2 at 7) According to GE, Defendants' argument that jurisdiction exists because the Proposed Claims, if successful, will somehow reduce the Trustee's liability to the Defendants, was raised for the first time in the Motion for Leave to appeal the Bankruptcy Court's Order. (*Id.* at 11) GE further contends that this argument ignores the reality that a contribution claim under DUCATL "would only allow the Defendants to recover from [GE] for sums that the Defendants paid to the Trustee." (*Id.* at 11 & n. 3) Moreover, the Bankruptcy Court properly applied the *Resorts* "close-nexus" standard, which applies to post-confirmation actions, and as to which there is no difference of opinion among the courts in this Circuit. (*See id*. at 15-23) Finally, GE disagrees with the suggestion that permitting immediate appeal will advance the adversary proceeding, particularly as the Trustee is not a party to the Proposed Complaint. (*See id.* at 28)

## III. LEGAL STANDARDS

The Court may, in its discretion, grant leave to parties in bankruptcy to appeal interlocutory orders. *See* 28 U.S.C. § 158(a)(3). In deciding whether an interlocutory order is appealable in the bankruptcy context, courts have typically borrowed the standard found in 28 U.S.C. § 1292(b), which governs interlocutory appeals from the district courts to the courts of

4

appeal. *See In re SemCrude, L.P.*, 407 B.R. 553, 556-57 (D. Del. 2009); *In re Magic Rests., Inc.*, 202 B.R. 24, 25 (D. Del. 1996). Under section 1292(b), leave to file an interlocutory appeal may be granted when the order at issue: (1) involves a controlling question of law upon which there is (2) substantial ground for difference of opinion as to its correctness and, (3) if appealed immediately, the resolution may materially advance the ultimate termination of the litigation. *See Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). Leave may be denied for reasons apart from these specified criteria, including due to the state of the appellate docket or the desire to have a full record before considering the disputed legal issue. *See id.*; *see also SemCrude,* 407 B.R. at 557. Piecemeal litigation is generally disfavored by the Third Circuit. *See In re White Beauty View, Inc.*, 841 F.2d 524, 526 (3d Cir. 1988). The party seeking leave to appeal an interlocutory order must establish that "exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment." *In re Del. and Hudson Ry. Co.*, 96 B.R. 469, 472-73 (D. Del. 1989), *aff'd*, 884 F.2d 1383 (3d Cir. 1989).

## IV. DISCUSSION

### A. Controlling Question of Law

"A 'controlling question of law' includes every order which, 'if erroneous, would be reversible error on final appeal.'" *Accenture Global Servs., GmbH v. Guidewire Software, Inc.*, 800 F. Supp. 2d 613, 622 n.5 (D. Del. 2011) (quoting *Katz,* 496 F.2d at 755). Defendants argue that the issue presented on appeal will be "whether subject matter jurisdiction exists over the Defendants' third-party contribution claims against [GE] where the Bankruptcy Court has already [determined that] it has jurisdiction over [Trustee's] claims against Defendants and denying the [Third Party Motion] would result in a second identical trial between Defendants and [GE]." (D.I. 1 at 4) Subject matter jurisdiction presents a question of law that is determined on a claim by claim basis. *See Halper v. Halper*, 164 F.3d 830, 837-39 (3d Cir. 1999); *AstroPower*

5

*Liquidating Trust v. Xantrex Tech., Inc. (In re AstroPower Liquidating Trust)*, 335 B.R. 309, 322 (Bankr. D. Del. 2005).

GE does not appear to dispute that Defendants have raised a controlling issue of law. The Bankruptcy Court rejected all of GE's other bases for opposing filing of the Proposed Complaint. If the Bankruptcy Court could properly exercise jurisdiction, it would do so. Hence, whether there is subject matter jurisdiction over the Proposed Claims is a controlling question of law.

### B. Substantial Ground for Difference of Opinion

There is, however, no substantial ground for difference of opinion on the controlling question of subject matter jurisdiction. "A party's disagreement with the [bankruptcy] court's ruling does not constitute 'a substantial ground for difference of opinion' within the meaning of [§] 1292(b)." *Hurst v. City of Dover*, 2006 WL 2347707, at *2 (D. Del. Mar. 21, 2006). "The difference of opinion must arise out of genuine doubt as to the correct legal standard." *Id.* (internal quotations omitted). Moreover, "[t]he difference of opinion must be legally significant (*e.g.*, multiple courts disagree as to the applicable legal standard." *SemCrude*, 2010 WL 4537921, at *3 (internal citation omitted). This factor may also be met if "the bankruptcy court's decision is contrary to well-established law." *Official Bondholders Comm. v. Chase Manhattan Bank (In re Marvel Entm't Grp., Inc.)*, 209 B.R. 832, 837-38 (D. Del. 1997).

The Bankruptcy Court applied the correct legal standard for determining whether it had subject matter jurisdiction over the non-core, non-debtor, state-law Proposed Claims to be asserted against another non-debtor in a post-confirmation action. The legal standard[2] for

---

[2] Defendants contend "there are substantial grounds for different of opinion on the ***application*** of" the correct legal standard. (D.I. 1 at 13) (emphasis added) Even were the Court to agree with this contention, it would not render this matter appropriate for interlocutory appeal, as it would suggest the necessity of a fact-intensive inquiry as opposed to a controlling ***question of law***. *See In re SemCrude, L.P.*, 2010 WL 4537921, at *3 (Bankr. D. Del. Oct. 26, 2010) ("The

6

determining "related to" subject matter jurisdiction over post-confirmation claims and actions has been set forth by the Third Circuit in numerous cases. For instance, in *Pacor v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)[3], the Third Circuit held that a proceeding is "related to" a Chapter 11 proceeding if "the outcome of [the] proceeding could conceivably have any effect on the estate being administered." "The proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.*

However, "[t]here is one twist to the otherwise straightforward application of *Pacor*'s conceivability standard" and it applies to "action[s] brought after the confirmation of a plan in a related bankruptcy proceeding." *Nuveen Mun. Trust v. Withumsmith Brown, P.C.*, 692 F.3d 283, 294 (3d Cir. 2012). The "bankruptcy court's jurisdiction wanes" post-confirmation. *Id.* Hence, in *Resorts* the Third Circuit made clear that "the essential inquiry post-confirmation is 'whether there is a close nexus to the bankruptcy plan or proceeding sufficient to uphold bankruptcy court jurisdiction.'" *In re Shenango Grp. Inc.*, 501 F.3d 338, 343 (3d Cir. 2007) (quoting *Resorts*, 372 F.3d at 166-67). "At the post-confirmation stage, the claim must affect an integral aspect of the bankruptcy process – there must be a close nexus to the bankruptcy plan or proceeding." *Resorts*, 372 F.3d at 167. As the Bankruptcy Court correctly stated, "[t]he 'close nexus' analysis

---

Third Circuit has held that '[w]hat will or will not be sufficiently related to a bankruptcy to warrant the exercise of subject matter jurisdiction is a matter that must be developed on a fact-specific, case-by-case basis.'") (quoting *In re W.R. Grace & Co.*, 591 F.3d 167, 174 n.9 (3d Cir. 2009); *MCI WorldCom Commc'ns Network*, 358 B.R. 76, 79 (S.D.N.Y. 2006) ("[T]he question of law must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record.").

[3] *Overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134-35 (1995); *see also generally* Resorts, 372 F.3d at 164 n.6 ("[T]he *Pacor* test has been enormously influential as a cogent analytical framework relied upon by our sister circuits more than any other case in this area of law.") (internal quotations and citations omitted).

applies regardless of whether the action is based on facts occurring before or after confirmation." (B.D.I. 230 at 7; *see also In re Seven Fields Dev. Corp.*, 505 F.3d 237, 264-65 (3d Cir. 2007))

"Matters that affect the interpretation, implementation, consummation, execution or administration of the confirmed plan will typically have the requisite close nexus." *Id.* "Under those circumstances, bankruptcy court jurisdiction would not raise the specter of 'unending jurisdiction' over continuing trusts." *Id.*

Here, the Proposed Claims do not "affect the interpretation, implementation, consummation, execution or administration of the confirmed plan." If the Trustee does not prevail against Defendants, then indisputably the Proposed Claims – which contingently seek to hold GE partly or wholly responsible for liability Defendants are found to have with respect to the estate causes of action – have no impact on the confirmed plan. Alternatively, even if the Trustee prevails against Defendants, whether the monies that would then be owed to the Trust are paid by Defendants, or GE, or some combination of both, would not affect the confirmed plan. There is no "close nexus" between the Proposed Claims by Defendants against GE and the bankruptcy plan or proceeding.

Defendants argue that there is substantial ground for a difference of opinion because "the Third Circuit has since distinguished from and limited the [standard set forth] in *Resorts*." (D.I. 1 at 7-8; *see also* D.I. 3 at 4, 7) In fact, however, the Third Circuit has reiterated and reinforced the *Resorts* "close nexus" standard set forth in *Resorts* in several subsequent opinions. *See, e.g.*, *Seven Fields*, 505 F.3d at 264-65 (clarifying that *Resorts* "close nexus" test is "applicable to 'related to' jurisdiction over any claim or cause of action filed post-confirmation, regardless of when the conduct giving rise to the claim or cause of action occurred").

None of the cases relied on by Defendants alters this conclusion. In *Shenango*, 501 F.3d at 344, the Third Circuit concluded that post-confirmation "related to" jurisdiction existed over a

dispute concerning the debtor's liability for retiree benefits as set forth under the confirmed plan. Even in *Shenango*, however, the Third Circuit relied on *Resorts* as instructive in teaching that "the mere fact a dispute may arise post-confirmation is not determinative of the jurisdictional question." *Id.* Indeed, in *Shenango*, the Third Circuit found a "close nexus" between the bankruptcy proceeding and a post-confirmation dispute to which the debtor was a party, which concerned its plan of reorganization, and which required interpretation of the plan's provision relating to the debtor's liability for fully funding any benefit increases to pension plan participants. *Id.* Unlike the dispute in *Shenango*, here it is difficult to see how the state-law claims against GE for aiding and abetting a breach of fiduciary duty could affect "the interpretation, implementation, consummation, execution or administration" of the plan of liquidation, when neither the Debtor nor the Trustee are parties to the claims and the plan does not address the Proposed Claims in any way.

Defendants further rely on *Nuveen*, 692 F.3d at 299, in which the Third Circuit found "related to" jurisdiction over a secured creditor's lawsuit against non-debtor accountants where the alleged misconduct occurred pre-petition. (*See* D.I. 1 at 8-9) The action in *Nuveen* was filed pre-confirmation, so the Court applied the more liberal "conceivable effect" test of *Pacor*. *See Nuveen*, 692 F.3d at 299 ("The *Pacor* inquiry thus leads to the conclusion that Nuveen's action is 'related to' Bayonne's bankruptcy proceeding."). Recognizing that jurisdiction is determined as of the time that the complaint is filed – in that case, pre-confirmation – *Nuveen* applied the *Pacor* "conceivable effect" test, rather than the narrower *Resorts* "close nexus" test. *See id.* at 300. As *Nuveen* addressed subject matter jurisdiction in the context of a pre-confirmation action, it plainly did not "re-define[] the *Resorts* 'close nexus' test to 'whether an action could conceivably affect the implementation of a confirmed plan,'" despite Defendants' contention. (D.I. 3 at 10)

9

Defendants further cite *Halper v. Halper*, 164 F.3d 830, 837-39 (3d Cir. 1999), and *In re Willcox & Gibbs, Inc.*, 314 B.R. 541, 545-46 (Bankr. D. Del. 2004), for the proposition that the Third Circuit and at least one bankruptcy court in this District have found subject matter jurisdiction over guaranty and contribution claims similar to the Proposed Claims, but these cases are inapposite.[4] In *Halper*, the Third Circuit applied the *Pacor* "conceivable effect" test; there, too, the plaintiffs' success against non-debtor defendants would have resulted in a reduction of plaintiff's claim against the estate. In *Willcox*, the bankruptcy court denied a motion to dismiss a third-party complaint in a preference action, finding that other courts had exercised "related to" jurisdiction over third-party guaranty claims, and concluding that "the third-party proceeding is related to the Debtors' estates because it conceivably will lead to a surer and faster recovery by the Trustee and result in an enhancement in assets available for distribution." 314 B.R. at 545-46. However, *Willcox* was a chapter 7 case, and the bankruptcy court applied the more liberal *Pacor* "conceivable effect" test. *See id.*

Moreover, the Third Circuit has held that the possibility of increase of a trust's assets is insufficient to confer jurisdiction on the bankruptcy court." (Adv. D.I. 230 at 9) (citing *Resorts*, 372 F.3d at 170-71)[5] "[I]f the mere possibility of a gain or loss of trust assets sufficed to confer bankruptcy court jurisdiction, any lawsuit involving a continuing trust would fall under the 'related to' grant. Such a result would widen the scope of bankruptcy court jurisdiction beyond what Congress intended for non-Article III bankruptcy courts." *Resorts*, 372 F.3d at 170.

---

[4] Defendants did not cite *Halper* or *Willcox* in the Third Party Motion. (*See* Adv. D.I. 183, 198)

[5] Moreover, under DUCATL, "[a] joint tortfeasor is not entitled to a money judgment for contribution until he or she has by payment discharged the common liability or has paid more than his or her pro rata share thereof." 10 Del. C. § 6302(b). As GE argues, any recovery under the Proposed Complaint would be paid to Defendants (and not the Trust) only after, and to the extent that, the Defendants had already paid the Trust. (D.I. 2 at 27) Thus, the Proposed Complaint does not provide an alternate source of recovery for the Trust in the event that Defendants are unable (or unwilling) to satisfy a judgment against them. (*See id.*)

10

Because the instant action was filed post-confirmation, *Resorts* governs the analysis of "related to" subject matter jurisdiction, and the Bankruptcy Court correctly applied the "close nexus" test. The contribution and indemnity claim cases cited by Defendants applied a different standard, are factually distinguishable, and do not create any grounds for a difference of opinion as to the correct standard to be applied here.

Accordingly, Defendants have failed to show that there are substantial grounds for difference of opinion on a controlling issue of law, rendering interlocutory review inappropriate.

### C. Advancement of the Litigation

In support of their argument that immediate appeal will materially advance the ultimate termination of the litigation, Defendants argue that "in absence of an immediate appeal, there are only two possible ways to bring claims against [GE] – either through supplemental jurisdiction in the District Court, which will require a motion to withdraw the reference;[6] or by pursuing contribution claims against GE following the Bankruptcy Court's ruling on the merits of the Trustee's claims, [which] will require duplicative litigation and expense." (D.I. 1 at 14) GE responds that the underlying adversary proceeding consists of claims by the Trustee against various parties, including, but not limited to the Defendants, and the Trustee's claims against the Defendants have been progressing (and will continue to progress) without GE as a party. (D.I. 2 at 28-29)

While inclusion of GE might advance the portion of the Trustee's action directed to Defendants, immediate appeal will not advance the overall progress of the Trustee's action, which consists of claims by the Trustee against Defendants and other parties. *See generally*

---

[6] On January 9, 2017, Defendants filed their Motion to Withdraw Reference, which is currently pending. (*See* Civ. No. 17-021-LPS, D.I. 1)

11

*Pacor*, 743 F.2d at 994 ("Judicial economy does not justify federal jurisdiction."). This requirement for an interlocutory appeal, then, is not met.[7]

## D. Exceptional Circumstances

Finally, a party seeking leave to appeal an interlocutory order must establish that "exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment." *Del. and Hudson Ry.*, 96 B.R. at 473. Defendants argue that the Trustee's "lack of participation" presents unique circumstances justifying immediate appeal. (*See* D.I. 1 at 15) According to Defendants, if Trustee had brought the same aiding and abetting claims against GE directly, the Bankruptcy Court would not have questioned its jurisdiction. Having declined to pursue claims against GE, Defendants argue that Trustee has left them "to face a difficult choice of either litigating these issues twice (once in defending the Trustee's claims, and if necessary, a second time pursuing contribution claims against [GE]), or moving to withdraw the reference to a court with jurisdiction to adjudicate all claims together." (*Id.*)

"Interlocutory appeal is meant to be used sparingly and only in exceptional cases where the interests cutting in favor of immediate appeal overcome the presumption against piecemeal litigation." *DeLalla v. Hanover Ins.*, 2010 WL 3908597, at *3 (D.N.J. Sept. 30, 2010). The Court is not persuaded that there are exceptional circumstances here justifying immediate appeal.

---

[7] GE contends that Defendants could bring their Proposed Claims against GE in one or two other cases in which these parties are all involved in other jurisdictions. (*See* D.I. 2 at 1) Defendants disagree. (*See* D.I. 3 at 4-5) It is possible, then, that other litigation vehicles already exist in which Defendants could pursue their claims against GE. (The Court's decision is not impacted by this mere possibility.)

12

## V. CONCLUSION

For the reasons explained above, the Court will deny the Motion for Leave. A separate Order will be entered.

December 21, 2017
Wilmington, Delaware

HON. LEONARD P. STARK
UNITED STATES DISTRICT COURT